IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA LEINHEISER, derivatively on behalf of REVANCE THERAPEUTICS, INC., | )<br>)<br>)<br>) |
| Plaintiff, | ) NO. 3:25-cv-00086 |
| v. | )<br>) JUDGE RICHARDSON |
| MARK J. FOLEY, ET AL., | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| REVANCE THERAPEUTICS, INC., | )<br>) |
| Nominal Defendant. | ) |

## ORDER

Plaintiff Barbara Leinheiser and Nominal Defendant Revance Therapeutics, Inc. ("Revance") have filed a "Stipulation and [Proposed] Order of Voluntary Dismissal" (Doc. No. 14, "Stipulation"), whereby they propose that this action be voluntarily dismissed without prejudice. The Stipulation was signed by Plaintiff and Revance, which are the only parties to have appeared in this action.[1] The Stipulation was filed pursuant to Federal Rule of Civil Procedure 23.1(c)[2] which states that "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal,

---

[1] None of the Defendants have yet appeared, and the docket does not reflect service on any of the Defendants.

[2] Plaintiff and Revance have filed the Stipulation also pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. However, the Court notes that Rule 23.1(c) covers voluntary dismissals in derivative actions and therefore analyzes the current Stipulation under Rule 23.1(c) alone.

or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). Via various recitals in the Stipulation, Plaintiff and Revance have represented (among other things) that notice of this proposed dismissal (as would normally be required under Rule 23.1(c)) need not be given to Revance's pre-acquisition stockholders because all of those stockholders were cashed out in Crown Laboratories, Inc.'s ("Crown") very recent acquisition of Revance. (Doc. No. 14 at 2).

Plaintiff and Revance have also expressly stipulated the following: (1) Plaintiff no longer has standing to pursue her claim; (2) No Defendant needs to answer, move against, or otherwise respond to the Complaint; (3) This action is (upon approval of the Court) to be dismissed without prejudice and with all parties bearing their own costs; (4) No further notice of voluntary dismissal must be given to Revance's pre-acquisition stockholders, all of which were cashed out in the merger; and (5) A copy of this Order shall be served on Crown by email to its counsel at Kirkland & Ellis LLP, Jay P. Lefkowitz (lefkowitz@kirkland.com) and Jeffrey R. Goldfine (Jeffrey.goldfine@kirkland.com). (Doc. No. 14 at 3-4).

The Court credits the representations, and accepts the individual stipulations, made in the Stipulation. The Court therefore approves the voluntarily dismissal of this action. The Court also finds that notice to Revance's pre-acquisition stockholders of this dismissal is unnecessary.

Accordingly, this action is **DISMISSED** without prejudice, and the Clerk is directed to enter judgment under Federal Rule of Criminal Procedure 58 and close the file.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE